MARK S. ASKANAS (SBN 122745)
REBECCA BENHURI (SBN 209443)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: askanasm@jacksonlewis.com
E-mail: rebecca.benhuri@jacksonlewis.com

Attorneys for Defendant
ZAYO GROUP LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGE ENGURASOFF, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ZAYO GROUP, LLC, a limited liability company, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No._____<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441(a) AND 1441(b)**<br><br><br>State Complaint Filed: January 14, 2014<br>Trial Date:　　　None Set |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF SERGE ENGURASOFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant ZAYO GROUP LLC ("Defendant") hereby removes the below-referenced action from the Superior Court in the State of California for the County of San Francisco to the United States District Court for the Northern District of California, San Francisco Division.

The removal is based on 28 U.S.C. sections 1331, 1332(a), 1441(a) and 1441(b), specifically on the following grounds:

1.　On January 9, 2014, Plaintiff SERGE ENGURASOFF ("Plaintiff") filed <u>Serge
1
NOTICE OF REMOVAL TO FEDERAL COURT　　　Case No. _____

1  Engurasoff, an individual, Plaintiff, v. Zayo Group, LLC, in the Superior Court for the County of San Francisco, Unlimited Jurisdiction, Case No. CGC-14-536692 against Defendant ("Complaint").  Plaintiff's Complaint contains the following causes of action: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) failure to pay wages – Labor Code, (4) California Family Rights Act ("CFRA") retaliation, (5) CFRA discrimination, (6) Interference with Family Medical Leave Act ("FMLA") rights – 29 U.S.C. § 2615, (7)  disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), (8) violation of the San Francisco Police Code Article 33A, (9) wrongful termination in violation of public policy

2.  On January 14, 2014, Plaintiff served Defendant, through its authorized agent for service of process in California, a copy of the Summons, Complaint, Notice to Plaintiff, ADR Information Package, Case Management Statement and Early Settlement Program brochure.  True and correct copies of these documents, along with the Service of Process Transmittal from Defendant's agent for service of process, are attached hereto collectively as Exhibit A.

3.  On February 13, 2014, Defendant filed an Answer to Plaintiff's Complaint, a true and correct copy of which is attached as Exhibit B.

**FEDERAL QUESTION JURISDICTION**

4.  This Court has original jurisdiction over this action under 28 U.S.C. section 1331.  This action is therefore removable to this Court by Defendant solely on that basis, under 28 U.S.C. section 1441(b), because this action presents a federal question in that Plaintiff's sixth cause of action is for Interference with Family Medical Leave Act Rights pursuant to 29 U.S.C. section 2615.

**DIVERSITY JURISDICTION**

5.  This Court also has original jurisdiction over this action under 28 U.S.C. section 1332(a).  This action is therefore removable to this Court by Defendant solely on that basis, under 28 U.S.C. section 1441(a), because this is a civil action between citizens of different states and the matter of controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.  Venue properly lies in the United States District Court for the Northern District of

California, San Francisco Division, pursuant to 28 U.S.C. sections 1391(a) and 1441(a) because the state court action was filed in this District and this is the judicial district in which the action arose.

7. Defendant is informed and believes Plaintiff was at the time he filed this action and still is a citizen and resident of the State of California as alleged in paragraph 4 of the Complaint.

8. Defendant presently is a citizen of the States of Delaware and Colorado and was so at the time Plaintiff filed his Complaint. A corporate defendant "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business …" 28 U.S.C. § 1331(c)(1). Both at the time Plaintiff filed his Complaint in San Francisco County Superior Court and at the time Defendant moves this Court for removal of the action, Defendant was a limited liability company organized under the laws of the State of Delaware. (See Declaration of Sandi Mays ("Mays Decl."), ¶ 3.) filed simultaneously herewith. Defendant's principal place of business currently is, and was at the time Plaintiff filed his Complaint, the State of Colorado. Although Defendant does business throughout the continental United States, it controls its nationwide operations from Louisville, Colorado where its headquarters and executive and administrative offices are located. (Mays Declaration, ¶ 4.)

9. The presence of "Doe" defendants in the Complaint has no bearing on diversity with respect to removal. 28 U.S.C. § 1441(a).

10. Without conceding that Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000. 28 U.S.C. § 1332(a). Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 860-861 (9th Cir. 1996). Here, it is more probable than not that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, for the following reasons:

    a. Plaintiff was employed by Defendant or its predecessor from June 2010 to May 28, 2013. Plaintiff's annual base salary during his employment with

Defendant was $90,000, as set forth in his offer letter. (Mays Decl., ¶6, Ex. A) Plaintiff was also eligible to participate in Defendant's Sales Representative Compensation Plan. (Mays Decl., ¶6, Exs. A and B)

b. The Complaint alleges Plaintiff was employed as Senior Account Executive by Defendant, and that the terms and conditions of his employment were subject to a contract between the parties that was "partially written, partially oral, and in part implied-by law." (Complaint ¶ 16) Plaintiff further claims that the written terms of his compensation were set forth at least in part in Defendant's Sales Representative Compensation Plan ("Plan"), as amended. (Id.) Plaintiff further alleges that in addition to the Plan, Plaintiff was eligible for commission for leads generated to "Referral Partners" and that he was owed such commissions equal to 30% of the value of the first month of any contract resulting from leads Plaintiff generated. (Complaint, ¶¶ 29-31)

c. Plaintiff claims he was retaliated against and wrongfully terminated on May 28, 2013, and has suffered damages caused therefrom. (Complaint, ¶ 9-144, and prayer for relief.)

d. Plaintiff's Complaint alleges that Defendant owed him "a substantial amount of money for earned commissions." (Complaint, ¶ 1) Plaintiff further alleges that he "seeks payment of earned but unpaid wages and all other appropriate economic and non-economic damages, penalties, interest, and reasonable attorneys' fees and costs incurred in vindicating his rights." (Complaint, ¶ 3)

e. Plaintiff alleges that Defendant's Sales Compensation Analyst estimated that Defendant owed Plaintiff approximately $36,790 in previously earned commissions that were scheduled to be paid between February and May 2013. (Complaint, ¶ 42)

f. Plaintiff's prayer for relief seeks compensatory (special) damages, general

4
NOTICE OF REMOVAL TO FEDERAL COURT          Case No. _____

1  damages "including, without limitation for physical harm and mental and
2  emotional distress according to proof," punitive damages, injunctive relief,
3  restitution and/or disgorgement as to the eleventh cause of action, interest
4  including pre-judgment interest, attorney's fees, costs and "for such other
5  and further relief as the Court deems appropriate." (Complaint, Prayer for
6  Relief, ¶¶ 1-9) Plaintiff also seeks "waiting time penalties" for unpaid
7  earned wages, pursuant to Labor Code § 203 in the amount of 30 days'
8  wages. (Complaint, ¶ 135) Based on Plaintiff's annual base salary, this
9  totals approximately $7,500.

10     g.    Lastly, Plaintiff was eligible to receive employee benefits including but not
11 limited to medical, dental, flexible spending, and life insurance plans, and
12 Defendant's 401(k) plan. (Mays Decl., ¶6)

13     11.    In determining whether the amount in controversy exceeds $75,000, the Court
14 must presume the plaintiff will prevail on each and every one of his claims. Kenneth Rothschild
15 Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2nd 993, 1001 (C.D. Cal. 2002), citing, Burns
16 v. Windsor Ins. Co., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis
17 presumes that "plaintiff prevails on liability") and Angus v. Shiley Inc., 989 F.2d 142, 146 (3d
18 Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim,
19 but rather by reasonable reading of the value of the rights being litigated"). The argument and
20 facts set forth herein may appropriately be considered in determining whether the jurisdictional
21 amount in controversy is satisfied. Cohn v. Petsmart, Inc., 281 F.3d 837, 843, n.1, (9th Cir.
22 2002).

23     12.    The amount in controversy may include general and special compensatory
24 damages and attorney's fees which are recoverable by statute. Galt G/S v. JSS Scandinavia, 142
25 F.3d 1150, 1155-1156 (9th Cir. 1998). The Court may examine the nature of the action and the
26 relief sought and take judicial notice of attorneys' fee awards in similar cases. See, e.g., Simmons
27 v. PCR Technology, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual
28 employment discrimination cases often exceed damages).

13. Cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. See Galt G/S, supra, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. Simmons, supra, 209 F.Supp.2d at 1035.

14. Punitive damages are also included in calculating the amount in controversy. Davenport v. Mutual Ben. Health & Acc. Ass'n, 325 F.2d 785, 787 (9th Cir. 1963). See also, Aucina v. Amoco Oil Co., 871 F.Supp. 332 (S.D. Iowa 1994). In Aucina, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted: "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct", the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. Id. at 334. Thus, although Defendant vigorously denies Plaintiff's allegations and claims, if Plaintiff was to prevail on his discrimination and wrongful termination claims and establish the requisite state of mind, the potential punitive damages award alone against a defendant such as Zayo Group, LLC could well exceed the $75,000 jurisdictional minimum.

15. Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. Anthony v. Security Pacific Financial Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996); Watson v. Blankinship, 20 F.3d 383, 386-387 (10th Cir. 1994).

16. Therefore, the alleged claims, damages and fees requested in Plaintiff's Complaint demonstrate the amount in controversy in this case exceeds the requirement under 28 U.S.C. §1332(a).

17. This Notice of Removal has been filed within the time frame provided by 28 U.S.C. §1446(b), because it was filed within 30 days after service of the Complaint on Defendant.

18. For all the foregoing reasons, this Court has original jurisdiction of this matter under 28 U.S.C. §§ 1331, 1332(a), 1441(a) and 1441(b).

\ \ \

1  WHEREFORE, Defendant prays the above action now pending against it in the Superior
2  Court of the State of California for the County of San Francisco be removed to this Court.

Dated:  February 13, 2014                    JACKSON LEWIS P.C.


                                    By:         /s/ Mark S. Askanas
                                            Mark S. Askanas
                                            Rebecca Benhuri
                                            Attorneys for Defendant
                                            ZAYO GROUP LLC

4848-0828-8792, v. 1

7
NOTICE OF REMOVAL TO FEDERAL COURT          Case No. _____